# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MARY TURAY,

               Plaintiff,

          v.

JOHN M. MCHUGH,

               Defendant.

Civil Action No. 14-2020 (BAH)

Judge Beryl A. Howell

## MEMORANDUM OPINION AND ORDER

The plaintiff, Mary Turay, brings this lawsuit against her former employer, the Secretary of the Army, for employment discrimination on the basis of national origin and retaliation in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981. [1] Am. Compl. ¶¶ 1-3, 38, 41, ECF No. 14. The plaintiff alleges the federal defendant violated § 1981 by (1) discriminating against her on the basis of her national origin by denying her a raise when she worked as a nurse at Walter Reed Medical Center, a division of the Department of the Army, and for subsequently terminating her employment "for making a mistake that other, similarly situated non-African employees make on a daily basis," *id.* ¶¶ 3, Count I; and (2) retaliating against the plaintiff by terminating her when she "attempted to speak with her superior concerning discrimination . . . due to her national origin," *id.* at Count II.

The defendant has moved to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), on grounds that the plaintiff "is foreclosed from pursuing her claims

---

[1]       The plaintiff captioned Count I of her amended complaint as "National Origin Discrimination (Title VII)" but the substance of the count alleges only a violation of § 1981. Am. Compl. ¶ 40 ("Defendant's conduct was undertaken with the purpose of depriving Plaintiff of the equal protection and benefits of the law, equal privileges and immunities under the law in violation of § 1981."). The plaintiff does not dispute that she brings only § 1981 claims in her amended complaint. *See generally* Pl.'s Opp'n Def.'s Mot. Dismiss ("Pl.'s Opp'n"), ECF No. 17.

under 28 U.S.C. § 1981 as Title VII has long been held to provide the exclusive remedy for such discrimination claims." Def.'s Mem. Supp. Mot. Dismiss ("Def.'s Mem.") at 1, 4, ECF No. 15-1 (citing *Brown v. Gen. Servs. Admin*, 425 U.S. 820 (1976) and *Kizas v. Webster*, 707 F.2d 524 (D.C. Cir. 1983)). The Court agrees.

The law is well-settled that Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment." *Brown*, 425 U.S. at 835; *see also Howard v. Pritzker*, 775 F.3d 430, 432 (D.C. Cir. 2015) ("In Title VII, Congress enacted 'an exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination.'" (quoting *Brown*, 425 U.S. at 829)). The plaintiff makes little effort to dispute or distinguish these cases, opting instead to rely on cases in which § 1981 claims were brought in the private employment context. Pl.'s Opp'n at 6 (citing *Johnson v. Railway Express Agency*, 421 U.S. 454, 459 (1974) and *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 415–17 (1968)). Plaintiff's reliance on these cases is misplaced. The Supreme Court in *Brown* explicitly found *Johnson* "inapposite" in a case regarding employment discrimination against *federal* parties because the *Johnson* decision held that "Title VII did not pre-empt other remedies" only "in the context of Private employment." *Brown*, 425 U.S. at 833; *see also Williams v. Bentsen*, No. 93-5192, 1993 WL 469110, at *1 (D.C. Cir. Nov. 5, 1993) (per curiam) (affirming the district court's dismissal of discrimination claims under § 1981 because "it is well established that Title VII provides the exclusive judicial remedy for claims of discrimination in federal employment" and "[t]he cases cited by appellant are inapposite because they involved section 1981 claims brought by parties alleging discrimination in non-federal employment."). Here, the plaintiff does not dispute that the defendant is a federal employer. Am. Compl. ¶ 5 ("Defendant is a federal agency organized under the United States Department of Defense."). Therefore, Title VII provides the only avenue

available to her to remedy her claims of discrimination and retaliation, and her claims pursuant to § 1981 are not legally cognizable.

Accordingly, it is hereby

**ORDERED** that the defendant's Motion to Dismiss, ECF No. 15, is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court close this case.

**SO ORDERED.**

Date: November 18, 2015

_____
BERYL A. HOWELL
United States District Judge